**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:17 AM January 31, 2012**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 13 |
| ROBERT A. REDDISH and | ) | |
| LATRICIA L. REDDISH, | ) | CASE NO. 08-61730 |
| | ) | |
| Debtors. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Before the court is the Application for Supplemental Attorney's Fees ("Supplemental Application") filed by Debtors' counsel, John Brooks Cameron ("Attorney Cameron") on November 17, 2011. Through the Supplemental Application, Attorney Cameron seeks a total of $4,172.19. The chapter 13 trustee ("Trustee") filed a response to the Supplemental Application on November 30, 2011.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

**FACTS**

Debtors filed a joint chapter 13 petition on May 23, 2008.  On February 12, 2010, Attorney Cameron first filed an Application for Compensation ("First Application") seeking $2,250.00 in attorney's fees.  The court granted Attorney Cameron's First Application on February 17, 2010.

On November 17, 2011, Attorney Cameron filed a Supplemental Application seeking additional fees totaling $4,140.00 for 27.6 hours expended at $150.00 per hour for services related to the following:

| | |
|---|---|
| - January 5, 2010 | Motion to Dismiss |
| - July 22, 2010 | Modification of Chapter 13 Plan |
| - August 27, 2010 | Motion to Dismiss |
| - September 21, 2010 | Modification of Chapter 13 Plan[1] |
| - June 6, 2011 | Motion to Approve Mortgage Modification |
| - August 2011 | Modification of Chapter 13 Plan |

Additionally, Attorney Cameron seeks $32.19 for expenses associated with his services, including postage and copies.  Thus, Attorney Cameron seeks total compensation of $4,172.19.

On November 30, 2011, the Trustee filed a response to the Supplemental Application objecting to the fees sought on the basis that the amount exceeds the no-look fee applicable to this case pursuant to Administrative Order 08-05.[2]

The court held a hearing on the Supplemental Application on December 21, 2011.  Christopher Jankowski appeared on behalf of Attorney Cameron and the Trustee appeared personally.

**LAW AND ARGUMENT**

I.      Administrative Order on Chapter 13 Fees

At the time that this case was filed, Amended Administrative Order 05-06 governed the

---

[1] The Supplemental Application states that the second modification of chapter 13 plan was filed on August 21, 2010.  Upon review of the docket, no such pleading was filed on August 21, 2010.  The court believes that Attorney Cameron intended to refer to the modification of chapter 13 plan filed on September 21, 2010.  The itemized listed attached as Exhibit A confirms that Attorney Cameron intended to refer to the September 21, 2010 modification of chapter 13 plan.

[2] The Trustee mistakenly cites Administrative Order 08-05 which applies to chapter 13 cases filed on and after June 1, 2008.  Since this case was filed May 23, 2008, Amended Administrative Order 05-06 applies to this case.

fees in this case. As established by the order, flat fees, referred to as no-look fees, up to $2,000.00 could be approved if certain conditions were met, including specific minimum distributions to unsecured, non-priority creditors. Absent those specific minimum distributions, the flat fee allowed is $1,500.00. Further, an additional fee of $250.00 may be allowed if the applicable commitment period is a mandatory five years because the debtors' income exceeds the applicable median family income. As noted above, in this case, Debtors' attorney filed an application for fees totaling $2,250.00 on February 12, 2010 and the court entered an order granting the application on February 17, 2010.[3]

The no-look fee encompasses services through confirmation of the plan. In addition to those services, it also includes other specific potentially post-confirmation services. Specifically, the order contemplates that the no-look fee includes preparing, filing, and serving an amended plan or one modification of plan not requiring a hearing, two motions to dismiss, and other motions not specifically referenced in the order.

After a review of Attorney Cameron's description of the services provided in the Supplemental Application, the court determines that one of the services provided was contemplated as part of the no-look fee in Amended Administrative Order 05-06 or a prior fee application. Specifically, the court finds that Attorney Cameron is not entitled to any fees for responding to Trustee's motion to dismiss filed on January 5, 2010. Attorney Cameron filed the First Application for fees on February 12, 2010, which was granted on February 17, 2010. Since the motion to dismiss was filed on January 5, 2010, over a month before Attorney Cameron's First Application, the court believes that the work performed by Attorney Cameron was included in the First Application. Nothing in the First Application indicates that Attorney Cameron did not include his time for this motion to dismiss in it. Further, the itemized list details that Attorney Cameron performed all of the 2.6 hours, except for .3 hour, by February 8, 2010, before the First Application was filed. This also supports that Attorney Cameron intended for the work performed on the motion to dismiss to be included in the First Application. Thus, Attorney Cameron is not entitled to any fees for responding to the January 5, 2010 motion to dismiss.

With respect to the remaining services provided, the Supplemental Application seeks fees for responding to an additional motion to dismiss filed on August 27, 2010. Amended Administrative Order 05-06 contemplates the inclusion of fees for two motions to dismiss in the no-look fee. However, in the case to date, there have been five motions to dismiss filed and the August 27, 2010 motion to dismiss is the fifth motion to dismiss. Thus, the services rendered with respect to the August 27, 2010 motion to dismiss in the Supplemental Application was not

---

[3] Upon review of this case, it appears that Debtors' attorney was only entitled to a no-look fee of $1,500.00 because the Debtors' income is below the applicable median family income and because the plan does not provide a distribution of 30% and $5,000.00, or $10,000.00 without regard to the percentage distribution to unsecured, non-priority creditors. It is unclear why Debtors' attorney was awarded fees in excess of the applicable no-look fee. While Debtors' attorney has already received $750.00 more than the applicable no-look fee, the court will consider the Supplemental Application without taking into account the previous overpayment of attorney's fees.

included as part of the no-look fee.

Further, the Supplemental Application seeks fees for three modifications of the plan. While Amended Administrative Order 05-06 contemplates the inclusion of one amended plan or modification of plan not requiring a hearing in the no-look fee, in this case, there were five amended plans preceding the plan modifications referenced in the Supplemental Application. Thus, the services rendered with respect to the three modifications of the plan in the Supplemental Application were not included as part of the no-look fee.

Finally, the Supplemental Application seeks fees for a motion to approve mortgage modification. Amended Administrative Order 05-06 does not contemplate the inclusion of this specific motion in the no-look fee. Thus, the services rendered with respect to the motion to approve mortgage modification in the Supplemental Application were not included as part of the no-look fee.

Accordingly, the court finds that all of the services provided, except for the January 5, 2010 motion to dismiss, in the Supplemental Application were not included in the no-look fee previously allowed by the court.

II.    Reasonableness of Fees

Section 330(a)(4)(B) of Title 11 sets forth the guidelines for compensation awards and provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

The Sixth Circuit employs a lodestar calculation to determine "reasonable compensation," which requires a bankruptcy court to "multipl[y] the attorney's reasonable hourly rate by the number of hours reasonably expended." *See* In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991) (quoting Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 879 (11th Cir. 1990)). The lodestar amount may be adjusted upward or downward based upon the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtain; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 n.9 (1983).

The first factor in the lodestar analysis, the attorney's reasonable hourly rate, is set forth in the Supplemental Application. Attorney Cameron requests that compensation be awarded at a rate of $150.00 per hour. Such an hourly fee is not patently unreasonable.

It is the second factor, the evaluation of the "hours reasonably expended," that requires a closer review of the case, the work performed according to the Supplemental Application, and the time expended to perform that work. The court notes the difficulty in determining the reasonableness of the time expended from a review of the itemization provided by Attorney Cameron. In contravention to Amended Administrative Order 05-06, paragraph seven, Attorney Cameron has repeatedly lumped multiple services together under one time entry and many of the entries are vague, as will be detailed below. Further, he failed to disclose the identity of the person performing the services. The court will review each service separately.

A.      *July 22, 2010 - Modification of Chapter 13 Plan*

Attorney Cameron spent a total of 1.8 hours for which he seeks $270.00 in fees according to the itemized list attached as Exhibit A to the Supplemental Application with respect to the Trustee's modification of chapter 13 plan filed on July 22, 2010. Specifically, Attorney Cameron expended the following time and seeks the following fees to review the modification:

| | | |
|---|---|---|
| - Review of file and phone call to the trustee inquiring into grounds for increase in plan payments | .6 hour | $90.00 |
| - Phone call from the trustee regarding change in payment, review of file, and call to client to inform about grounds for change in plan payment | .6 hour | $90.00 |
| - Legal research re: HAMP | .6 hour | $90.00 |

After reviewing the Trustee's modification, Attorney Cameron's time expended to review the modification, communicate with the Trustee and the Debtors, and research the Home Affordable Modification Program is reasonable. The Trustee's modification increased the Debtors' plan payment a total of $276.00 per month from $1,684.00 to $1,960.00 due to an increase in the Debtors' mortgage payment. It is reasonable that Attorney Cameron expended time to review the necessity of the increase with the Trustee, explain the reasoning behind the increase to the Debtors, and research whether the Debtors could obtain any relief from the increase in the mortgage payments.

On this basis, the court finds that Attorney Cameron is entitled to fees of $270.00 for reviewing the Trustee's modification of chapter 13 plan filed on July 22, 2010.

B.       *August 27, 2010 - Motion to Dismiss and September 21, 2010 - Modification of Chapter 13 Plan*

Attorney Cameron spent a total of 6.1 hours for which he seeks $915.00 in fees according to the itemized list attached as Exhibit A to the Supplemental Application with respect to the Trustee's motion to dismiss filed on August 27, 2010 and Debtors' modification of chapter 13 plan filed on September 21, 2010.  Specifically, Attorney Cameron expended the following time and seeks the following fees to review the modification:

| | | |
|---|---|---|
| - Phone call to the trustee and call to client | .7 hour | $105.00 |
| - Legal research and prepared Objection to Motion to Dismiss Case | 1.7 hours | $255.00 |
| - Preparation of Modification of Plan, phone call to the trustee, and phone call to client | 1.3 hours | $195.00 |
| - Preparation of Modification of Plan | 1.3 hours | $195.00 |
| - Review of file, phone call to the trustee, and preparation of Notice of Hearing | 1.1 hours | $165.00 |

The court finds that Attorney Cameron's time of .7 hours for a fee of $105.00 expended to communicate with the Trustee and the Debtors was a reasonable amount of time expended when considering the factors set forth in Geier.

The Trustee's motion to dismiss, filed on August 27, 2010, was premised upon the Debtors' delinquency of plan payments since June 7, 2010 totaling $5,052.00.  In response to the motion, Attorney Cameron filed a two page objection which stated only that the Debtors had believed that they were current on their plan payments and intended to catch up the delinquency. The objection contained no case law to support its position.  The portion of the document that was a response was three sentences long.  The entire first page was one form sentence.  Yet Attorney Cameron states that he expended 1.7 hours, for a fee of $255.00, to conduct legal research and prepare the objection.  It is unclear exactly how Attorney Cameron expended this amount of time based upon the objection filed and his description on the itemized list.  The court finds that Attorney Cameron should have expended no more than .5 hour to research and draft the objection to the Trustee's motion to dismiss, which would result in a fee of $75.00.

Attorney Cameron also filed a modification of chapter 13 plan on September 21, 2010. To complete the modification, Attorney Cameron expended a total of 3.7 hours resulting in a fee of $555.00.  According to the itemized list, this time includes communication with both the Trustee and the Debtors, as well as drafting the modification of plan and the notice of hearing. The modification of plan is just two pages in length and provides only slightly more information than the objection to the Trustee's motion to dismiss.  The notice of hearing was also just two pages long and contains no additional information from the modification of plan itself except for a hearing date.  The itemized list fails to properly quantify how much time Attorney Cameron expended on communications with the Trustee and the Debtors compared to how much time he expended drafting the modification of plan and notice of hearing.  Given the facts surrounding the modification, the court finds that the time expended on the modification was not reasonable. Attorney Cameron should have expended no more than 2.0 hours to communicate with the

Trustee and the Debtors and to draft the modification of plan and the notice of hearing, which would result in a fee of $300.00.

On this basis, the court finds that Attorney Cameron is entitled to fees totaling $480.00 for responding to the Trustee's motion to dismiss filed on August 27, 2010 and filing the modification of chapter 13 plan on September 21, 2010.

C.      *June 6, 2011 - Motion to Approve Mortgage Modification*

Attorney Cameron spent a total of 11.0 hours for which he seeks $1,650.00 in fees according to the itemized list attached as Exhibit A to the Supplemental Application with respect to the Debtors' motion to approve mortgage modification filed on June 6, 2011.  Specifically, Attorney Cameron expended the following time and seeks the following fees for the motion:

| | | |
|---|---|---|
| - Preparation of letter to the mortgage company and phone call to the mortgage company | .8 hour | $120.00 |
| - Phone call with the mortgage company | .3 hour | $45.00 |
| - Meeting with client to review loan modification documents | .8 hour | $120.00 |
| - Preparation of loan modification application packet, preparation of a fax to the mortgage company, and preparation of fax to the IRS | 1.0 hour | $150.00 |
| - Preparation of fax to the mortgage company | .3 hour | $45.00 |
| - Phone call to and from client, call to the trustee, and call with the mortgage company | .9 hour | $135.00 |
| - Preparation of supplemental loan modification application documents | .5 hour | $75.00 |
| - Telephone call from client | .2 hour | $30.00 |
| - Telephone call with mortgage company | .3 hour | $45.00 |
| - Meeting with client | .3 hour | $45.00 |
| - Review of loan modification documents and call to the mortgage company | 1.0 hour | $150.00 |
| - Telephone call to the mortgage company, phone call to client, preparation of fax to the mortgage company, and meeting with client | .9 hour | $135.00 |
| - Preparation of Motion to Approve Loan Modification | .7 hour | $105.00 |
| - Preparation of Motion to Approve Loan Modification and proposed Order | 1.5 hours | $225.00 |
| - Phone call from client | .2 hour | $30.00 |
| - Preparation of Order | .5 hour | $75.00 |
| - Phone call to client and preparation of fax to mortgage company | .5 hour | $75.00 |
| - Phone call with the mortgage company | .3 hour | $45.00 |

Upon a review of the time expended for the mortgage modification and the factors set forth in Geier, the court finds that Attorney Cameron reasonably expended 11.0 hours as reported on the Supplemental Application. First, Attorney Cameron expended this time over a period of five months. Second, negotiation of a mortgage modification is not necessarily a routine task in the majority of bankruptcy cases and involves novel questions of law. Third, given that Attorney Cameron had to prepare the loan modification application for the mortgage company and, once that was negotiated, draft the motion to approve the modification with the court, it is reasonable that Attorney Cameron expended a considerable amount of time and labor on these services.

On this basis, the court finds that Attorney Cameron reasonably expended 11.0 hours for the mortgage modification for fees totaling $1,650.00.

D.     *August 2011 - Modifications of Chapter 13 Plan*

Attorney Cameron spent a total of 6.1 hours for which he seeks $915.00 in fees according to the itemized list attached as Exhibit A to the Supplemental Application with respect to two modifications of the chapter 13 plan filed on August 18, 2011 and August 23, 2011. Specifically, Attorney Cameron expended the following time and seeks the following fees for the modifications:

| | | |
|---|---|---|
| - Phone call from client | .1 hour | $15.00 |
| - Preparation of Modification of Plan | 1.5 hours | $225.00 |
| - Preparation of Modification of Plan and phone call to client | .5 hour | $75.00 |
| - Meeting with client | .5 hour | $75.00 |
| - Review of mortgage company information and prepared of Modification of Plan | 1.0 hour | $150.00 |
| - Preparation of Modification of Plan | 1.0 hour | $150.00 |
| - Phone call to the trustee and phone call to client | .3 hour | $45.00 |
| - Preparation of Modification of Plan | 1.0 hour | $150.00 |
| - Phone call to the trustee | .2 hour | $30.00 |

The court finds that the time reported by Attorney Cameron totaling 1.1 hours for a fee of $165.00 expended to communicate with the Trustee and the Debtors was a reasonable amount of time expended when considering the factors set forth in Geier.

Attorney Cameron filed two modifications of the chapter 13 plan in short succession, the first on August 18, 2011 ("first modification") and the second on August 23, 2011 ("second modification"). The only difference between the two modifications is two sentences. The first sentence present in the second modification, and absent in the first modification, states that payments on the first mortgage are current through September 2011. The second sentence present in the second modification, and absent in the first modification, states that the Trustee will cease making the Debtors' current and arrearage payments on the first mortgage.

For these two modifications, Attorney Cameron reports that he expended 5.0 hours and seeks fees of $750.00. It appears that Attorney Cameron expended 4.0 hours to prepare the first modification and 1.0 hour to prepare the second modification. The body of both modifications is no longer than one page each and neither contain any case law to support the modifications. It is unclear exactly how Attorney Cameron expended 4.0 hours to prepare the first modification. The itemized list does not contain descriptions that clearly report how his time was allocated. Preparing the modification, a description lacking detail itself, is lumped together with a phone call to the Debtors and also with a review of the mortgage company information. Without further details of how much time Attorney Cameron spent on each item, the court can only conclude that the time was not reasonably expended. For the preparation of the first modification, the court will allow Attorney Cameron 2.0 hours for a fee of $300.00.

Further, it appears that Attorney Cameron expended an additional 1.0 hour to prepare the second modification filed just five days after the first modification and including only two new sentences as discussed above. The court is perplexed at how the inclusion of two additional sentences in the second modification could take an hour of Attorney Cameron's time. Such a change from the first modification to the second modification should have taken Attorney Cameron no longer than .3 hour to complete for a fee of $45.00.

On this basis, the court finds that Attorney Cameron is entitled to fees totaling $510.00 for preparing two modifications of the plan, filed on August 18, 2011 and August 23, 2011.

E.      *Expenses of $32.19*

Attorney Cameron seeks compensation for expenses totaling $32.19 for postage and copies. The court finds that these expenses are reasonable and that Attorney Cameron is entitled to compensation in the amount of $32.19.

## CONCLUSION

Following from the above, the court finds that Attorney Cameron is entitled to fees totaling $2,942.19 for the work performed and expenses incurred as detailed on the Supplemental Application. An order will entered contemporaneously with this memorandum.

#      #      #

**Service List:**

John Brooks Cameron
247 E Smith Rd
Medina, OH 44256

Robert A Reddish
Latricia L. Reddish
4102 Teak Place

West Salem, OH 44287

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702